**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SUZHI HE,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   15-72266

Agency No. A201-205-972

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 8, 2020**

Before:    TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Suzhi He, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's decision denying her applications for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT").  We have jurisdiction under

8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

*Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's determination that He failed to establish she suffered harm that rises to the level of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006) (detention, beating, and interrogation did not compel a finding of past persecution). Substantial evidence also supports the agency's determination that He did not establish a well-founded fear of future persecution. *See id*. at 1022 (petitioner failed to present "compelling, objective evidence demonstrating a well-founded fear of persecution"). Thus, her asylum claim fails.

In this case, because He failed to establish eligibility for asylum, she failed to establish eligibility for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence supports the agency's denial of CAT relief because He failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to China. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

As stated in the court's February 3, 2016 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

15-72266